IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKHIA POLLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01261-N (BT) |
| | § | |
| THE CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Mikhia Polly seeks leave to proceed *in forma pauperis* (IFP) in this civil action. *See generally* IFP App. (ECF No. 4). For the following reasons, the Court should deny Plaintiff's motion for leave to proceed IFP and dismiss this case without prejudice unless Plaintiff pays the $405.00 filing fee within 30 days of an order accepting this recommendation.[1]

---

[1] Plaintiff's complaint is wholly conclusory and fails to set forth sufficient facts to state a claim for relief. Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Of course, *pro se* complaints receive a "liberal construction." *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021). But "mere conclusory allegations on a critical issue are insufficient." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). If Plaintiff pays the filing fee, the Court will require her to amend her complaint.

### Legal Standards and Analysis

A federal district court may authorize a person to bring a civil action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing they cannot pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider a plaintiff's assets, income together with their spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.,* 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023)* ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses."). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022)*, *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, Plaintiff earns $2,000 a month through employment with the City of Dallas. IFP App. at 1-2. Plaintiff lists one dependent and $1,455 in monthly expenses. *Id*. at 3-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff's annual income of $24,000 places Plaintiff above the poverty threshold for a two-person household in Texas. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited April 22, 2026, providing that the poverty threshold for a two-person household in Texas in 2026 is $21,640).

Further, Plaintiff's claimed household income exceeds household expenses, resulting in a gross monthly surplus of $545. *See Iluobe v. Equifax Info. Services, LLC*, 2026 WL 376377, at *1 (N.D. Miss. Jan. 20, 2026) (denying IFP application when the plaintiff's income exceeded monthly expenses and his household income was well above the poverty line) (citing *Prows*, 842 F.2d at 140; *Johnson v. Cargill, Inc.*, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008)).

Considering Plaintiff's available income and expenses, the Court finds that Plaintiff has not shown that paying the $405.00 filing fee would impose an undue financial hardship.

## Recommendation

The District Judge should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss this case without prejudice unless

3

Plaintiff pays the $405.00 filing fee within thirty days of an order accepting this recommendation.

**SO RECOMMENDED**.

Signed April 23, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).